## 12031. STRINGER v. THE STATE.

In corroboration of the defendant's claim that he purchased from two men dressed as soldiers the car alleged to have been stolen, testimony that two men so dressed tried to sell a car to a witness within a day or two preceding the alleged theft was admissible, though the description of that car as given by the witness was exceedingly vague. The exclusion of this testimony was error requiring a new trial.

DECIDED MARCH 9, 1921.

Indictment for larceny of automobile; from Bartow superior court — Judge Tarver. November 6, 1920.

*John S. Wood, J. M. Neel Jr., J. R. Whitaker,* for plaintiff in error. *J. M. Lang, solicitor-general,* contra.

BROYLES, C. J. The indictment in this case charges the accused, Guy Stringer, with stealing "one Ford Five Passenger Touring car, 1918 Model, with bright bumper in front, with the two outside isinglass windows in the rear of same torn, of the value of six hundred dollars, the property of J. I. Lowe." Ground 5 of the amendment to the motion for a new trial is as follows: "Upon the trial of said case, and during the introduction of evidence by the defendant, the defendant regularly introduced and swore as a witness one J. V. Reece. The witness J. V. Reece testified: 'I know Guy Stringer. I recall the incident, but do not the date, that Mr. Stringer had a car taken from him over there last spring a year ago. Just the day before, or within a day or so prior to, the time this car was taken from him I had a conversation with two men dressed in soldier's uniform, over there, with reference to selling me a car. This conversation occurred on the road about one mile from where Guy Stringer lives.' The State then objected to this evidence of the witness Reece and the court excluded it unless it was shown to be a similar [car] to the car that was taken from Stringer.

The witness Reece testified that he was not familiar with automobiles and could not definitely describe the automobile which they tried to sell him, as he made no inspection of it; that they were out on the side of the road and wanted to sell him the car; that he did not know the make on it, but it was a two-seated car and had a top on it; that he never saw the car which was taken from Guy Stringer unless this car which the soldiers tried to sell him was the car which was taken from Stringer. The court thereupon excluded the evidence of the witness Reece, and refused to permit him to testify further. Counsel for the defendant then stated to the court that the witness Reece would testify that on the day prior to the day the car in question was taken from Guy Stringer, or a day or so prior to that time, the witness Reece was on the public road about one mile from Guy Stringer's home, and two men dressed in soldier's uniform tried to sell him a two-seated automobile; that these two persons dressed in soldier's uniform were unknown to the witness, and he had never seen them before or since, but that they went off in the direction of Guy Stringer's house. The court thereupon excluded this evidence and refused to permit it to go to the jury for consideration by the jury. Counsel for the defendant thereupon asked the court to let the jury retire, so that the witness could testify in the absence of the jury and thus get it into the record. The court refused to permit the jury to retire and stated that the court would permit the statement in the record just as if the witness had testified it into the record. Movant insists that the court erred in refusing to permit the witness to so testify and in refusing to permit said evidence to go to the jury for its consideration, and says that this ruling by the court was hurtful error, because, as movant insists, this was most material and vital evidence for the defendant, as it was strongly corroborative of the defendant's statement that he had bought the automobile in question from two men dressed in soldier's uniform, and tended strongly to show that the defendant had really bought the car and had not stolen the same as the State contended.'' This court is of the opinion that under all the facts of the case, the trial court erred in excluding the testimony as above complained of, and that this error requires another trial of the case.

While the exceedingly vague description of the automobile in the rejected evidence did not show that the car there testified about by the witness Reece was the same car afterwards found in the defendant's possession and which he claimed to have bought from two men dressed as soldiers, there was nothing in that description to indicate that it was not the same automobile. At any rate, the excluded testimony tended indirectly to corroborate the defendant's explanation as to how he came into possession of the car, and was admissible for what it was worth.

The other alleged errors are not passed upon, as they are not likely to recur on another trial of the case.

*Judgment reversed.   Luke and Bloodworth, JJ., concur.*